Chang v. Holder

BIA
Weisel, IJ
A088 961 020

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of September, two thousand thirteen.

PRESENT:
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

LIN CHU CHANG,
> *Petitioner,*

    v.                         12-1064
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:       Jay Ho Lee, New York, NY.

FOR RESPONDENT:      Stuart F. Delery, Acting Assistant Attorney General; Anthony W. Norwood, Senior Litigation Counsel; Micheline Hershey, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lin Chu Chang, a native and citizen of China, seeks review of a February 23, 2012, order of the BIA, affirming the March 15, 2010, decision of Immigration Judge ("IJ") Robert D. Weisel, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lin Chu Chang*, No. A088 961 020 (B.I.A. Feb. 23, 2012), *aff'g* No. A088 961 020 (Immig. Ct. New York City Mar. 15, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's opinions "for sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam) (internal quotations marks omitted). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Contrary to Chang's assertions, the agency reasonably determined that he failed to establish that his fear of

2

future persecution was objectively reasonable, because there was no evidence showing that the Chinese government would be inclined to punish him for his low-level activities in support of the China Democracy Party ("CDP") in the United States. *See Dong Zhong Zheng v. Mukasey*, 552 F.3d 277, 284 (2d Cir. 2009) (A well-founded fear is a "subjective fear that is objectively reasonable.") (citations and internal quotations marks omitted). As the agency noted, Chang failed to present any evidence showing that anyone in China was aware of, or had taken any action with respect to, his CDP membership, letter writing, or *World Journal* article. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam) ("In the absence of solid support in the record" a fear of persecution is not objectively reasonable and is "speculative at best.").

Chang's argument that the agency improperly denied relief due to his limited education and imprecise understanding of the CDP's goals, in reliance on *Rizal v. Gonzales*, 442 F.3d 84, 86 (2d Cir. 2006), is misplaced. Unlike the petitioner in *Rizal* who was improperly found not credible due to his lack of doctrinal knowledge about the Christian faith, 442 F.3d at 89-90, Chang was found to be a

3

CDP member and was attributed authorship of his *World Journal* article. Here, the agency's findings with respect to Chang's limited education, his inability to identify his statements in the *World Journal* article, and his corresponding-imprecise understanding of the CDP's goals, merely underscored the agency's determination that his involvement with the CDP was low-level. While Chang takes issue with the IJ's findings that his understanding of the CDP's goals was imprecise and that he was unable to identify who wrote his *World Journal* article, where, as here, the agency's inferences "[are] tethered to the evidentiary record, we will accord deference to the finding[s]." *See Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007).

Similarly, Chang's argument that the agency ignored his country conditions evidence, which established that his fear of persecution was objectively reasonable, is without merit. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (noting that the agency is presumed to have "taken into account all of the evidence before [it], unless the record compellingly suggests otherwise"); *Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 87 (2d Cir. 2007) (per curiam) (noting that the BIA is not required to "expressly parse or

4

refute on the record each individual argument or piece of evidence offered by the petitioner" (internal quotation marks omitted)). Although Chang points to evidence in the record discussing the mistreatment of high-level CDP members for their activities in China, because he failed to show that he was similarly situated to these individuals, the agency's failure to explicitly discuss this evidence does not compellingly suggest that it was ignored. *See Xiao Ji Chen*, 471 F.3d at 337 n.17; *Zhi Yun Gao*, 508 F.3d at 87.

Lastly, we decline to consider the agency's denial of CAT relief or its denial of asylum and withholding of removal based on Chang's family planning and illegal departure claims, because Chang waived those claims in his brief to this Court.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk